SAMUEL, Judge.
Two attorneys at law, one of whom was the plaintiff in this matter, were employed by the defendant to institute and prosecute a suit on behalf of the parish. The employment was by written contract dated February 4, 1971 which provided:
BE IT KNOWN that on this date, the Parish of Jefferson, herein represented by the Chairman of the Jefferson Parish Council, Charles J. Egan, does by these presents, retain and employ S. J. Chaup-pette and Robert A. Pitre, Jr. to institute and prosecute any suit deemed necessary by them to get an injunction against the Louisiana State Department of Corrections, or any proper party, to prevent the operation of a male training school, or correctional institution on the site and facilities now known as the “House of The Good Shepherd” in Jefferson Parish, Louisiana.
In consideration for services rendered and to be rendered, the Parish of Jefferson agrees to pay said Attorneys a sum based upon the Jefferson Parish Bar Association’s minimum fee schedule for work performed upon presentation of an itemized statement of time and expenses by said Attorneys to the Parish of Jefferson.”
*872 The suit called for by the contract was filed and successfully prosecuted to judgment in the trial court. Thereafter plaintiff submitted his statement in the amount of $4,573.80 for legal services allegedly rendered under the contract. Defendant refused to pay that amount and offered to pay $1,250, a total of $2,500 to both attorneys. Plaintiff refused the offer and filed this suit for the full amount of $4,573.80 plus $1,524.60 as damages for breach of contract.
After trial there was judgment in favor of plaintiff in the sum of $1,250. The judgment is based on a finding by the trial court that the fee charged was unreasonable, particularly but not exclusively in that there were duplications of hours charged by the two attorneys. Plaintiff has appealed. In this court he seeks “the full amount of consideration due under the contract”.
The sole issue presented on appeal is a determination of the correct amount of the fee to which plaintiff is entitled. We find we cannot decide that issue on the record before us.
As shown by the quoted contract the fee is based upon the minimum fee schedule of the Jefferson Parish Bar Association. In other words, for all work reasonably performed by plaintiff in connection with his contractual obligation, i. e., the institution and prosecution of the suit mentioned in the contract, he is entitled to receive the minimum fee set out in the Jefferson Parish Bar Association minimum fee schedule effective as of the date the contract was entered into, February 4, 1971. But neither that fee schedule, nor any other, was introduced into evidence. Thus we have no knowledge of the pertinent contents of the schedule effective on the date of contract and without such knowledge we cannot decide what fee the defendant must pay.
The record does contain a plaintiff attempt to prove by parol evidence pertinent provisions of the fee schedule in question. The only witness called by plaintiff to testify regarding those provisions was not certain what figures were applicable on the contract date because those figures had been changed on one or more occasions. More important, and this is conclusive, proper and timely objections were made to that testimony which was inadmissible under the best evidence rule.
We do note there was an off the record discussion between the court and counsel which may have involved an agreement upon which the court could have based its computations as to hourly rates. Because of this possibility we will remand.
For the reasons assigned, the judgment appealed from is annulled and set aside and this matter is remanded to the trial court for further proceedings in accordance with law and in conformity with the views expressed in this opinion; imposition of costs to await a final determination.
Annulled, set aside and remanded.